HUTCHINSON & BROTHER, plaintiffs in error, *vs.* ALECK JACKSON, defendant in error.

1. If, in a claim case arising under a levy of a lien *fi. fa.* in favor of a merchant, sued out before the act of 1870, the court holds that it is necessary for the plaintiff to put in evidence the affidavit and the order of the judge for enforcing the lien, and if he does introduce them, he cannot afterwards complain of such ruling.

2. When the execution was issued in a proceeding to enforce several liens, and on the trial of the claim, it appearing that some of the alleged liens were not good in the law, the plaintiff amended the fiat of the judge and the execution, by striking out of the order the amount for which there was no valid lien, and taking an order to make the execution conform thereto:

*Held*, that it was not error for the court to dismiss the levy. But if only a portion of the property levied on be claimed, the order of dismissal should be limited to that portion.

3. When such order of dismissal was granted, it was not error for the court to refuse to issue an order, on the ground of the insolvency of claimant, requiring the securities on the claimant's bond, in whose

possession the property was, to hold the same as receivers until the final judgment of the court in the premises, or requiring them to retain the possession until a *supersedeas* could be sued out.

Factors.   Practice in the Superior Court.   Liens.   Claims.   Execution.   Levy.   Before Judge BUCHANAN.   Troup Superior Court.   November Adjourned Term, 1874.

On October 9th, 1869, Hutchinson & Brother foreclosed, in one proceeding, various factor's liens, given, as alleged in the affidavit, under the act of December 15th, 1866, aggregating in amount $1,225 66, against Zachariah Colly and W. W. Wilder.   The execution based upon such foreclosure was levied upon certain property as belonging to defendants.   A claim to part of the property levied on was interposed by Aleck Jackson.

Upon the trial of the issue thus formed, plaintiffs tendered in evidence their execution with the levy thereon.   Claimant objected to this testimony, because unaccompanied by the affidavit of foreclosure and the fiat of the judge of the superior court ordering execution to issue.   The objection was sustained, and plaintiffs excepted.

Plaintiffs offered in evidence said affidavit, fiat and execution.   Claimant objected to this testimony because it appeared on the face of the affidavit that a portion of the indebtedness was contracted neither for provisions nor commercial manures, but for mules.   The objection was sustained, and plaintiffs excepted.

Plaintiffs moved to amend the fiat of the judge and the execution by writing off whatever amount appeared not to be for provisions furnished.   This motion was allowed.   Claimant then moved to dismiss the levy.   The motion was sustained, and plaintiffs excepted.

Plaintiffs moved for an order directing the securities on the forthcoming bond to hold the property as receivers, subject to the final judgment of the court.   In support of this motion they proposed to show that the property in controversy had been delivered to said securities, and that the claimant was in-

Hutchinson & Brother *vs*. Jackson.

solvent.   The court refused such order, and plaintiffs excepted.

Plaintiffs then moved for an order requiring such securities to retain possession of said property until a *supersedeas* could be obtained.   This motion was also refused, and plaintiffs excepted.

Error is assigned upon each of the above grounds of exception.

B. H. BIGHAM; T. H. WHITAKER; A. H. COX, for plaintiffs in error.

SPEER & SPEER, by F. M. LONGLEY, for defendant.

TRIPPE, Judge.

1. The court held that it was necessary for the plaintiff to introduce in evidence the affidavit and order of the judge enforcing the lien.   He complied with the ruling of the court, and then complained that he was compelled so to do.   It could not have affected the case whether such papers were offered by the plaintiff or claimant, that is, because they were so offered by the one instead of the other, could not matter, so far as it concerned the final result.   They were properly in, whether introduced by the one party or the other, and it would be a mere waste of time and costs to send the case back for the purpose of forcing the claimant to put them in proof, when the same result would be obliged to follow.

2. The proceedings to enforce the alleged lien were sued out before the act of 1870 was passed, and the *fi. fa.* was issued on the fiat of the judge, as by the statute was then required.   Plaintiff, on the trial, amended both the fiat and the execution, by striking out from both a large amount of the debt claimed.   The court held that by this amendment the levy, under section 3495 of the Code, must fall.   We do not think that under the facts the court erred.   That section provides in terms that if the *fi. fa.* be levied at the time the amendment is made, " the levy must fall, still the amended

*fi. fa.* may be re-executed." We see no way to except this *fi. fa.* from the operation of that section. As, however, only a portion of the property levied on was claimed, the order of dismissal should have been limited to that portion, and it was so directed in the.judgment we rendered to be sent back in the remittitur.

3. There was no necessity for either of the motions that were subsequently made by the plaintiffs. If they had obtained a new trial by judgment of the court which tried the case, or by writ of error to this court, the securities on the claimant's bond would have still been bound by the final judgment, and the insolvency of the claimant was not a matter to affect the question. An insolvent claimant, if he has a good bond, is entitled to all the rights of a solvent one, and the motions, if they had been proper and had been granted, would not have furnished any additional security to what the plaintiffs already had, for the same sureties then on claimant's bond would have been sufficient on any new bond.

Judgment affirmed, with directions.